H. DAVID PALMER, AN INFANT, v. HUBBARD PALMER ET AL.

1. PRAECIPE FOR SUMMONS NO PART OF RECORD.

A praecipe for summons is no part of the record within the meaning of Sec. 5334 Rev. Stat., and will not be recognized or considered by a court of error, although filed with the petition in error, and any recital of fact therein intended to be relied upon must affirmatively appear from the record. Hence, a petition in error does not lie to review a judgment rendered against a non-resident minor on the grounds that no guardian *ad litem* was appointed or the requisite answer filed, where the fact of infancy appears only in the praecipe for summons and not in the record.

2. ERRONEOUS PROCEEDING AGAINST INFANT VACATED UNDER SEC. 5354 REV. STAT. WHERE ERROR NOT APPARENT ON RECORD.

Notwithstanding no error is apparent upon the face of the record, an erroneous proceeding against an infant in the court of common pleas may be vacated or modified by such court after the term, under Par. 5, Sec. 5354 Rev. Stat.

C. P. Wickham and Stephen M. Young, for plaintiff.

G. T. Thomas, Horace Andrews, Homer Johnson and F. W. Van Dusen, for defendants.

HAYNES, J. (Orally.)

A petition in error is filed in this case for the purpose of setting aside the judgment and verdict that was rendered in the case which was tried in the court of common pleas, being the case of Margaret Parker et al. v. Hubbard D. Palmer et al. That action was brought for the purpose of setting aside a will.

It is averred in the petition in error in the case at bar, that H. David Palmer was an infant of perhaps the age of fourteen years; that he was made a party defendant in the original action, but was never served, but was brought in by publication of notice, being a resident of the state of New York, and that he never had any guardian appointed for him *ad litem*. It did appear, however, that through certain attorneys, he had filed an answer and cross-petition in the case.

It is claimed now that the court of common pleas erred in hearing the case and in rendering judgment against him in the original action without having appointed a guardian *ad litem*, and having the requisite answer filed.

In reply, it is claimed that it nowhere appears in the record of the case that he was an infant; he appears there as a person of full age and answers as a person of full age by his attorneys.

Palmer v. Palmer.

It is claimed, however, that it appeared in the praecipe that was filed in the action below that he was a minor and that it was stated that he was a minor over fourteen years of age at that time. It is claimed, it nowhere being in the record that he was a minor, that a petition in error does not lie; that the method of correcting the error, if an error occurred, lies by other means and by other processes.

The first question, it seems to us that is material here, is to know whether it does or does not appear in the record that he was a minor.

Section 5334 Rev. Stat. provides:

"The record shall be made up from the petition, the process, the return, pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court; but if items of an account, or copies of papers attached to the pleadings, are voluminous, the court may order the record to be made by abbreviating the same or inserting a pertinent description thereof, or by omitting them entirely."

Now, we feel very clear under the statute, that the process or praecipe for summons was no part of the record in the case; the record, in fact, had never been made up. The petition in error was filed and sent up and praecipe for summons and everything else, and if it were duly recorded, we would deem it our duty to pay no attention to it.

It is well settled by the Supreme Court, and it is a matter upon which we act very frequently, that any matters carried into the record that are not properly of the record should not be recognized upon the hearing of the case in a court of error. We shall assume, therefore, that the record nowhere shows that this person was a minor.

Section 6709 Rev. Stat. provides:

"A judgment rendered or final order made, by any court of common pleas, may be reversed, vacated or modified by the circuit court of the county wherein such court of common pleas is located for errors appearing upon the record."

It is only for errors appearing upon the record that judgment may be reversed.

It should be observed in passing that at the time the code was adopted, it was provided by what is now Sec. 6731 Rev. Stat.:

"Writs of error and certiorari to reverse, vacate, or modify judgments or final orders in civil cases are abolished; but courts shall have the same power to compel transcripts of the proceedings containing the judgment or final order sought to be reversed, to be furnished, com-

pleted, or perfected, as they heretofore had under writs of error and certiorari."

The effect of that, as we understand it, is to bring the record here by petition in error and to examine it under the statutes that I have referred to, and the only question before us is, whether there is error manifest in the record that is produced before us on the petition in error.

We think the contention of the defendant in error is correct; that no error appearing on the face of the record this question cannot be raised in the form of a petition in error; that it belongs to that class of errors that must be reached in another form.

It is provided in Sec. 5354 Rev. Stat.:

"The common pleas court, or the circuit court, may vacate or modify its own judgment or order, after the term at which the same was made."

Paragraph five reads:

"For erroneous proceedings against an infant, or person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings."

It would seem that the legislature had this in view at the time this act was passed that if, upon the face of the record, there is error, then this can be reached by petition in error. If there is no error apparent upon the face of the record, then erroneous proceedings against an infant may be reached under this paragraph—by proceedings filed in the court of common pleas, and in that manner the questions that are raised or the questions that are made may be brought up in the record before the reviewing court.

There have been a great many questions made and argued in this case, but the view that we take is, we think, decisive of the case. The petition in error will therefore be dismissed.